Charles RUMSEY, Plaintiff–Appellant,

v.

Bill MARTIN, et al., Defendants–Appellees.

No. 01–2167.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before GUY and CLAY, Circuit Judges; NUGENT, District Judge.*

### ORDER

Charles Rumsey appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Rumsey alleged that the defendants had violated his Eighth Amendment rights while he was incarcerated by prescribing the wrong drugs for his asthma and by delaying his prescriptions for inhalers. On August 29, 2000, the district court granted summary judgment to defendants Martin, McGinnis, DeVoss, Naylor, Anspaugh and Woodward–Valentine, as they had not been primarily responsible for Rumsey's care. The court subsequently awarded summary judgment to defendants Thakur and Hall, as Rumsey did not show that they had been deliberately indifferent to his serious medical needs. Thus, the district court dismissed the case on July 19, 2001.

We review an award of summary judgment de novo. Napier v. Madison County, Ky., 238 F.3d 739, 741 (6th Cir.2001). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To raise a viable Eighth Amendment claim, Rumsey must show that he was exposed to a substantial risk of serious harm and that the defendants acted with deliberate indifference or recklessness that is more than mere negligence. See Farmer v. Brennan, 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ Rumsey alleged that the defendants prescribed inappropriate medications for treating his asthma. However, Rumsey's own affidavit shows that he was examined on numerous occasions by prison medical personnel and other physicians. As a result, he was prescribed a variety of medications and provided with breathing treatments as needed to stabilize his condition. Thus, Rumsey's complaints regarding the type of treatment that he has

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

received amount to no more than a medical malpractice claim that is not cognizable under 42 U.S.C. § 1983. *See Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir. 1995).

To prevail on a claim regarding an alleged delay in treatment, Rumsey must place verifying medical evidence in the record that establishes the detrimental effect of the delay. *See Napier,* 238 F.3d at 742. He has not met this test because he has not submitted medical evidence which clearly shows that his condition deteriorated because of a delay in filling his prescriptions. In this regard, we note that Rumsey was hospitalized on two occasions, even though his inhaler prescriptions had been filled. Thus, he has not shown that the most significant exacerbations of his condition were causally related to the alleged delays in filling his inhaler prescriptions. *See id.* at 742–43.

The district court properly dismissed Rumsey's claims against defendants Martin, McGinnis, DeVoss and Naylor, as they were based on a theory of *respondeat superior* or on the involvement of these defendants in the grievance process. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Defendants Anspaugh and Woodward–Valentine were arguably involved in Rumsey's care. However, all of Rumsey's claims fail because his allegations simply do not rise to the level of an Eighth Amendment violation. *See Napier,* 238 F.3d at 742–43; *Sanderfer,* 62 F.3d at 154–55.

We have considered Rumsey's other arguments and they are all lacking in substantial merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.